IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES JOSEPH RAMIREZ,

      Petitioner,

vs.                                                                  No. CV 19-00177 DHU/KRS

WARDEN SANESTEFAN,

      Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). The Court will dismiss the Petition as barred by the statute of limitations and because Petitioner is not entitled to § 2254 relief. The Court will also grant Petitioner a period of 60 days to file an amended petition to remedy the deficiencies in his pleading and to address the statute of limitations issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Ramirez filed his Petition in this Court on March 4, 2019. (Doc. 1). In his Petition, Ramirez challenges his conviction and sentence in State of New Mexico cause no. D-1215-CR-2013-08122. (Doc. 1 at 1). He was convicted by a jury of the crimes of aggravated burglary, kidnapping, aggravated assault, child abuse, tampering with evidence, and possession of a firearm. (Doc. 1 at 1-2). He states that judgment was entered on the conviction on April 29, 2014. (Doc. 1 at 1). However, he was not sentenced until September 26, 2014, and the state court docket shows entry of judgment on the conviction and sentence on October 21, 2014. The conviction and sentence were affirmed on direct appeal in a published opinion of the New Mexico Court of Appeals. *State v. Ramirez*, 387 P.3d 266, 268 (N.M. Ct. App. 2016). The New Mexico Supreme Court denied certiorari on July 20, 2016.

1

The New Mexico Court of Appeals summarized the underlying facts as follows:

"A jury found Defendant James Joseph Ramirez guilty of several crimes arising from a home invasion where a child victim was home alone. Defendant asserts on appeal that (1) multiple punishments violate his right to be free from double jeopardy, (2) there was insufficient evidence to support his conviction for child endangerment, and (3) the restraint used to convict him of kidnapping was incidental to the commission of another crime. We affirm in all respects.

The facts are not in dispute. Victim was a child—fifteen at the time of the incident—who was home alone one night while his older brothers worked and his parents attended a Christmas party. He heard a knock at the door and answered to find a man wearing a hooded sweatshirt with the hood pulled low over his eyes. The identity of the hooded man would later be the only real concern at trial, but for our purposes on appeal, it is uncontested that he was Defendant.

Defendant asked if Victim's parents were home. Victim, who was naturally suspicious, lied and responded that they were. Defendant then attempted to force his way inside, and the Victim attempted to block the doorway until Defendant pulled a revolver from his waist, prompting Victim to retreat into the house.

Victim ran to the living room, realized his mother had blocked the back door with laundry, so he stopped and got on his knees. Defendant, who had followed Victim inside, picked him up by his shirt and pointed the gun up and down his body. He ordered Victim to lock the door and then asked if 'Alyssa' was home. Victim responded that he did not know anyone by that name. Defendant then followed Victim from room to room, forcing him at gunpoint to open each door so Defendant could look inside. Having apparently concluded that there was, in fact, no 'Alyssa' at the residence, Defendant remarked, 'shit, wrong house,' and left."

*State v. Ramirez*, 387 P.3d 266, 268 (N.M. Ct. App. 2016).

Following affirmance by the New Mexico Court of Appeals, Ramirez filed a state petition for writ of habeas corpus in his criminal case on May 3, 2017, asserting claims of ineffective assistance of counsel.  D-1215-CR-2013-08122, Petition for Writ of Habeas Corpus.[1]  The State

---

[1] The Court has reviewed the official record in Ramirez's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (Court may take judicial notice of publicly filed records concerning matters that bear directly upon the disposition of the case at hand);  *Shoulders v. Dinwiddie,* 2006 WL

2

District Court denied the Ramirez's petition on December 14, 2017. (Doc. 1 at 8, 9; D-1215-CR-2013-08122, Procedural Order on Petition for Writ of Habeas Corpus). In its denial, the New Mexico District Court stated:

> Petitioner's claim that his trial attorney was ineffective for (1) not obtaining a DNA expert, (2) having previously represented an uncle in a separate criminal matter, and (3) not obtaining a psychiatric evaluation when competency to stand trial was not in controversy, nor relevant to the defense strategy at trial. A defendant is denied effective assistance of counsel only when it can be shown that defense counsel has failed to exercise the skill, judgment and diligence of a reasonably competent defense attorney. State v. Orona, 1982-NMSC-002. And the defendant must also prove that the incompetent representation prejudiced the defendant's case, rendering the trial court's results unreliable. State v. Lopez, 1996-NMSC-036. The main question is whether the allegedly incompetent representation prejudice the case such that, but for counsel's error, there is a reasonable probability that the result of the conviction proceedings would have been different. Lopez, 1996-NMSC-036, ¶ 26. Petitioner's claim of ineffective assistance of counsel is wholly speculative and the allegations are vague and unsupported. This is not a proceeding that a reasonable person of adequate means would be willing to bring at a person's own expense."

(D-1215-CR-2013-00122, Procedural Order on Petition for Writ of Habeas Corpus). The New Mexico Supreme Court denied certiorari to review the District Court's decision on February 15, 2018.

Ramirez filed his § 2254 Petition in this Court more than one year later on March 4, 2019. (Doc. 1). In his § 2254 Petition, Ramirez raises for grounds for relief:

> "Ground One: felony enhancement of a firearm based on the same conviction was not intended by the legislature and results in an illegal sentence. . .
>
> Ground Two: when use of a firearm is an element, the conviction cannot be enhanced by firearm enhancement . . .

---

2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (state court's docket sheet is subject to judicial notice under Fed.R. Evid. 201).

3

>Ground Three:  Ramirez' convictions for aggravated assault, kidnapping, and negligent child abuse violate double jeopardy in this case . . .
>
>Ground Four: Sufficiency. . . the state failed to prove beyond a reasonable doubt . . ."

(Doc. 1 at 5, 7, 8. 10).

## II.  **PETITIONER'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

### A.  **THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS**

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations.  28 U.S.C. § 2244(d).  Section 2244(d)(1) states:

>"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).  Section 2244(d) further provides:

>"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2).  The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

4

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

**B. THE STATUE OF LIMITATIONS HAS EXPIRED ON PETITIONER'S CLAIMS**

All of the claims asserted by Petitioner Ramirez appear to have been available to him from the time the judgment was entered on his conviction and sentence on October 21, 2014. (Doc. 1 at

5-10).  As a result, the limitation period of § 2244(d)(1)(A) would be the applicable period in this case.  Applying § 2244(d)(1)(A).  The conviction and sentence became final on October 18, 2016, ninety days after the New Mexico Supreme Court's July 20, 2016 denial of certiorari on his direct appeal. 28 U.S.C. § 2254(d)(1)(A).

The one-year statute of limitations began running on Petitioner's conviction and sentence on October 18, 2016. 28 U.S.C. § 2254(d)(1)(A).  A total of 197 days elapsed between October 18, 2016 and the date of filing of Ramirez's state habeas corpus petition on May 3, 2017.  The AEDPA statute of limitations was then tolled from May 3, 2017 to February 15, 2018, while Ramirez's state habeas corpus petition was pending.  *Carey v. Saffold*, 536 U.S. at 219–20.  The statute of limitations began running again when the New Mexico Supreme Court denied certiorari on February 15, 2018.  *Holland v. Florida*, 560 U.S. at 638.  An additional 382 days passed before Ramirez filed his § 2254 Petition in this Court on March 4, 2019.

Petitioner Ramirez had a total of 579 days when the running of the statute of limitations was not tolled (197 days plus 382 days).  This exceeds the one-year AEDPA statute of limitations by 214 days and, absent some circumstances warranting equitable tolling Ramirez's claims are time-barred. 28 U.S.C. § 2244(d).  The § 2254 Petition filed by Ramirez states "TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2254(d) does not bar your petition."  (Doc. 1 at 13).  In response, Ramirez struck through the lines provided for an explanation.  (Doc. 1 at 13).

Nor does the state court record disclose any circumstances that would warrant equitable tolling.  The state docket indicates that Ramirez filed a second habeas corpus petition on February 1, 2019.  However, this filing was a copy of this federal § 2254 Petition and was voluntarily

withdrawn by Ramirez on March 14, 2021.  D-1215-CR-2013-00122, Notice of Withdrawal of Habeas Corpus Petition. Petitioner's ignorance of the law, ignorance of the limitation period, or inability to obtain legal assistance do not excuse his failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

The record does not reflect that Petitioner diligently pursued his claims during the period following denial of certiorari on his state habeas corpus petition and was prevented from timely filing his federal Petition by extraordinary circumstances beyond his control.  *Marsh v. Soares,* 223 F.3d at 1220; *Burger v. Scott,* 317 F.3d at 1141.  Petitioner's claims are barred by the one-year AEDPA statute of limitations.  28 U.S.C. § 2254(d).

### III.  PETITIONER'S CLAIMS ALSO FAIL UNDER THE § 2254 STANDARDS OF REVIEW

#### A.  STANDARDS FOR § 2254 REVIEW

Petitioner Ramirez is proceeding in this Court under 28 U.S.C. § 2254.  A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.  Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968).  Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the AEDPA, 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as

8

neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly—the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

### B. ANALYSIS OF PETITIONER'S § 2254 CLAIMS

Assuming that Petitioner's claims were not barred by the statute of limitations, Ramirez is not entitled to § 2254 relief on the merits. Grounds One, Two, and Three of the Petition raise double jeopardy arguments. (Doc. 1 at 5, 7, 8). Petitioner concedes that his double jeopardy claims were presented to and ruled on by the New Mexico Court of Appeals. The New Mexico Court of Appeals held that under New Mexico law, Ramirez's multiple convictions did not violate double jeopardy. *State v. Ramirez,* 387 P.3d at 270-274. Under the AEDPA standards of review, this Court mandatorily defers New Mexico's interpretation of its laws.

9

The Fifth Amendment of the United States Constitution contains the federal double jeopardy clause. The double jeopardy clause of the Constitution prohibits "multiple punishments for the same offense." *Warnick v. Booher,* 425 F.3d 842, 847 (10th Cir.2005) (citing *Jones v. Thomas,* 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)). When a criminal defendant claims multiple punishments, the federal district court must determine whether the state sentencing court imposed greater punishment than the state legislature intended. *See id.* The federal court is bound by the state court's determination of the legislature's intent. *Burleson v. Saffle,* 292 F.3d 1253, 1255 (10th Cir.2002); *Birr v. Shillinger,* 894 F.2d 1160, 1161 (10th Cir.1990). Once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Birr v. Shillinger,* 894 F.2d at 1161–62.

If the state legislature intended to punish the conduct as distinct offenses, separate sentences are constitutionally permissible. *See, e.g., Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 778 (1994). If the legislative intent is unclear, the court applies the "statutory elements test." *Lee v. Crouse,* 451 F.3d 598, 607 (10th Cir.2006). This test requires the court to determine whether the petitioner's convictions arising under the same statutory provision are based on offenses containing different or the same factual elements of proof. *Dennis v. Poppel,* 222 F.3d 1245, 1251 (10th Cir.2000). When two charges involve distinct and separate elements, the Court can infer that the state legislature intended different offenses and punishments. *Id.* at 1252.

In ruling on Ramirez's claims in his direct criminal appeal, the New Mexico Court of Appeals examined the elements of each crime of conviction. *State v. Ramirez,* 387 F.3d at 271. The Court of Appeals analyzed those elements under New Mexico law and determined that the crimes were not unitary and, therefore, punishing them as separate crimes did not violate the double jeopardy clause. *State v. Ramirez,* 387 P.3d at 271-274. The New Mexico Supreme Court

declined to review or disturb the ruling of the New Mexico Court of Appeals. This Court must defer to the determination of the New Mexico Court of Appeals that the New Mexico Legislature intended to punish each of the crimes of conviction as separate crimes and the convictions do not constitute double jeopardy under New Mexico law. *Birr v. Shillinger,* 894 F.2d at 1161–62.

Further, there is nothing in the New Mexico Court of Appeals' decision that is inconsistent with federal double jeopardy law. The Court of Appeals' analysis of the elements of Ramirez's multiple crimes and its conclusion that each involve distinct and separate elements is entirely consistent with federal analysis of double jeopardy issues. *See Dennis v. Poppel,* 222 F.3d at 1251. The adjudication of Petitioner's double jeopardy claims by the New Mexico courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Ramirez is not entitled to § 2254 relief on his double jeopardy claims. *Cullen v. Pinholster*, 563 U.S. at 181.

The last ground raised by Ramirez is a question of sufficiency of the evidence to support his convictions. He claims:

> "the state failed to prove beyond a reasonable doubt that Mr. Ramirez prevented Mr. Quiroz from calling the Cops, leaving evidence, etc. . . the jury failed to prove Mr. Ramirez hid evidence, pointed a dangerous weapon and, or had been convicted of a felony within the previous years and he possessed a firearm. State did not prove any of these beyond a reasonable doubt."

(Doc. 1 at 10).

A sufficiency-of-the-evidence challenge in a habeas petition presents a mixed question of fact and law. *Brown v. Sirmons,* 515 F.3d 1072, 1089 (10th Cir.2008). Applying both 28 U.S.C. § 2254(d)(1) and (d)(2), the reviewing court must ask whether the facts are correct and whether

11

the law was properly applied to the facts when reviewing sufficiency of the evidence. *Id.* (quoting *Maynard v. Boone,* 468 F.3d 665, 673 (10th Cir.2006)).

As in this case, a sufficiency challenge in a habeas petition generally focuses on evidence of guilt for the crimes charged. In *Jackson v. Virginia,* 443 U.S. 307, 319 (1979), a pre-AEDPA decision, the Supreme Court held that such evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In federal habeas proceedings, where a sufficiency challenge was resolved on the merits by the state courts, the AEDPA "adds an additional degree of deference," and the question becomes whether the state court's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard. *Diestel v. Hines,* 506 F.3d 1249, 1267 (10th Cir.2007); *Patton v. Mullin,* 425 F.3d 788, 796 (10th Cir.2005); *see, also, Coleman v. Johnson,* 566 U.S. 650, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam). The Tenth Circuit refers to this standard of review as "deference squared." *Young v. Sirmons,* 486 F.3d 655, 666 n. 3 (10th Cir.2007) (quoting *Torres v. Lytle,* 461 F.3d 1303, 1313 (10th Cir.2006)) (internal quotation marks omitted). *Hooks v. Workman*, 689 F.3d 1148, 1165–66 (10th Cir. 2012).

The New Mexico Court of Appeals expressly held that the evidence presented at trial was sufficient to uphold Ramirez's convictions. *State v. Ramirez*, 387 P.3d at 268-270. The question in this proceeding, then, is whether the Court of Appeals' decision constituted an unreasonable application of the *Jackson* standard. *Diestel v. Hines,* 506 F.3d at 1267. As stated by the Court of Appeals, the facts were established by the testimony of the victim at trial. *State v. Ramirez*, 387 P.3d at 269. Ramirez did not contest those facts on appeal and does not contest them in his § 2254 Petition. *State v. Ramirez*, 387 P.3d at 268; Doc. 1. The Court of Appeals viewed the evidence in

the light most favorable to the conviction and concluded that there was sufficient evidence presented to convict Ramirez beyond a reasonable doubt. *State v. Ramirez*, 387 P.3d at 268-270. There is nothing in the Opinion of the New Mexico Court of Appeals that is inconsistent with or an unreasonable application of *Jackson*. *Diestel v. Hines,* 506 F.3d at 1267. Therefore, Petitioner Ramirez is not eligible for § 2254 relief on his claim of insufficient evidence.

As part of his sufficiency claim, Ramirez also mentions "lack of counsel." (Doc. 1 at 12). It is unclear whether Ramirez is actually claiming ineffective assistance of counsel or whether he is simply stating that he is proceeding pro se in his filings. Assuming that Ramirez may be trying to raise an ineffective assistance claim, the Court determines that Ramirez does not state a claim for habeas corpus relief on that ground.

In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Ramirez's Petition does not identify which of his three attorneys he claims did not adequately represent him. Nor does he specify any specific act or omission by his counsel that he contends was deficient. Further, even if he had made specific factual allegations regarding counsel's conduct, he does not allege or demonstrate how that conduct was prejudicial to his defense. *Strickland*, 466 U.S. at 694. The Petition does not show that, but for counsel's deficient

conduct, there is a substantial likelihood that the outcome of the case would have been different. *Id* at 694; *Harrington v. Richter,* 562 U.S. at 112. The Petition fails to state a habeas corpus claim for relief based on ineffective assistance of counsel.

## IV. **THE COURT WILL GRANT LEAVE TO AMEND**

The Petition for Writ of Habeas Corpus filed by Petitioner Ramirez fails to state any claim for habeas corpus relief and appears to be barred by the statute of limitations. However, due to the vagueness and lack of clarity of the allegations in the Petition, the Court will grant Petitioner Ramirez leave to file an amended petition to try to remedy the defects in his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). If Petitioner Ramirez chooses to file an amended petition, consistent with this Memorandum Opinion he must specifically allege specific facts sufficient to demonstrate the constitutional invalidity of his state criminal conviction or sentence. *Wilson v. Sellers*, 138 S.Ct. at 1192. He must also address the one-year statute of limitations and present a factual basis for equitable tolling of the statute of limitations, showing that Petitioner diligently pursued his claims and was prevented from timely filing his federal Petition by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d at 1220; *Burger v. Scott,* 317 F.3d at 1141. *Marsh v. Soares*, 223 F.3d 1217, 1220. If Petitioner fails to file an amended petition or files another insufficient petition, the Court may dismiss this case with prejudice and without further notice.

IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) filed by Petitioner James Joseph Ramirez is **DISMISSED** without prejudice and Petitioner James Joseph Ramirez is granted leave to file an amended Petition within 60 days after entry of this Memorandum Opinion and Order.

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE

15